**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*In re:* Application Pursuant To 28 U.S.C. § 1782 of

ABDULRAHMAN MUTABAGANI,

                        Petitioner,

v.

MOHAMMAD SAMER BIN MAHMOUD ABDUL-HADI,

                        Respondent.

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Case No. 7:22-mc-00299(VLB)

VINCENT L. BRICCETTI, U.S.D.J.:

WHEREAS, Petitioner Abdulrahman Mutabagani ("Petitioner"), filed an application in the above-captioned action (the "Action") pursuant to 28 U.S.C. § 1782 seeking leave to depose Respondent Mohamad Samer Mahmoud Fayyad Abdulhadi ("Respondent") and to serve a subpoena on him that seeks the production of documents for use in a purported action to be brought in the Court of the First Instance in Saudi Arabia (the "Saudi Arabian Action").

WHEREAS, on November 10, 2022, the Court entered an Order granting Petitioner's application made under 28 U.S.C. § 1782, and Petitioner served a Subpoena to Produce Documents, Information, or Objects, or Permit Inspection of Premises in a Civil Action and a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoenas") on Respondent;

WHEREAS, the Subpoenas request that Respondent produce documents and provide testimony at a deposition, which may disclose confidential, proprietary, or private information;

WHEREAS, Petitioner and Respondent (collectively, the "Parties" and individually a "Party") request that this Court issue the following protective order to protect the confidentiality of nonpublic and sensitive information they may need to disclose in connection with discovery

1

and to protect documents produced and testimony given as a result of this Court granting Petitioner's Section 1782 request to use such materials and information in the Saudi Arabian Action; and

WHEREAS, the Parties, having conferred through their respective counsel, stipulated and agreed to the following terms of a protective order and hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

ACCORDINGLY, IT IS HEREBY AGREED by the undersigned and ORDERED by the court that pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Stipulated Protective Order (the "Order"), and that any person subject to this Order—including without limitation the Parties to this Action (including their respective successors and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order—will adhere to the terms set forth below.

I. **DEFINITIONS**

1. The Parties shall not disclose "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to the Subpoenas, including depositions and deposition transcripts and exhibits) except to the Court of First Instance in the Saudi Arabian Action.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate such Discovery Material as "Confidential Subject to Protective Order" if it reasonably and in good faith believes the Discovery Material consists of previously non-disclosed, non-public information (the "Confidential Discovery Material"). No person, partnership, corporation, association, or other legal entity subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2

3.      With respect to any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential Discovery Material" by stamping or otherwise clearly marking it as "Confidential Subject to Protective Order" in a manner that will not interfere with legibility or audibility.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Subject to Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If, at any time before the Discovery Material is referred to in open court in the Saudi Arabian Action, a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection;

3

or (c) a ruling regarding the admissibility at any hearing or trial of any document, testimony, or other evidence. By agreeing to this Order, no Party admits or acknowledges the existence of any liability or wrongdoing or the existence of any defense. No inferences may be drawn from this Order in any other litigation or context, and nothing said in this Order constitutes an admission of any fact.

7. Where a Producing Party has designated Discovery Material as Confidential, all persons subject to this Order shall not disclose the Confidential Discovery Material, except to the Court of First Instance in the Saudi Arabian Action.

8. If any party in the Saudi Arabian Action wishes to use Confidential Discovery Materials in the Saudi Arabian Action, such party must give notice in writing by email to Mr. Abdulhadi's counsel (Richard Edlin and Dale Goldstein) at least seven (7) days in advance of submitting any Confidential Discovery Materials to the Court of First Instance in Saudi Arabia or to any other party to the Saudi Arabian Action. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of the Saudi Arabian Action and any appeals thereto. If a party does not reasonably believe that it intends to use Confidential Discovery Materials until less than seven days' notice, that Party agrees to use best efforts to notify the Party to whom the document belongs as soon as possible prior to using the Confidential Discovery Materials, and in no event less than three (3) days in advance of any such use.

9. Recipients of Discovery Material including Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of the Saudi Arabian Action, and any appeals thereto, and not for any other purpose or in any other litigation proceeding in the United States, Saudi Arabia, or elsewhere. The Parties reserve all objections to

the use of Discovery Material in any other proceeding, including in litigation in the United States.

10. If any Party is required to produce any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, such Party must give written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

11. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If Discovery Material subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other protection from or prohibition on discovery or disclosure is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, the attorney work product doctrine, or any other applicable discovery protection or prohibition to which any Party would otherwise be entitled or obligated. Respondent may notify Petitioner, which in turn must notify any other person who received such Discovery Material within two (2) days of Respondent's claim of inadvertent production at any time.

13. All recipients of Confidential Discovery Material, which retains its Confidential status, must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof within 60

days of the final disposition of the Saudi Arabian Action – including all appeals. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material, and may retain an archival copy of any documents made public through use in the Saudi Arabian Action. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

14. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. By agreeing to this Order, no Party admits or acknowledges the existence of any liability or wrongdoing or the existence of any defense. No inferences may be drawn from this Order in any other litigation or context, and nothing said in this Order constitutes an admission of any fact.

15. This Order is governed by the laws of the State of New York.

16. This Order constitutes a single integrated agreement that expresses the entire agreement and understanding between, and supersedes all prior agreements or understandings between, the Parties with respect to the matters addressed herein. There are no representations, warranties, promises, statements, or inducements, whether oral, written, expressed, or implied, that affect the validity of this Order or alter or supplement its terms, and any such representations, etc., not contained in this Order shall not be valid or binding.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Discovery Material is produced or disclosed.

DATED: June 15, 2023

| GREENBERG TAURIG, LLP | KOBRE & KIM, LLP |
|---|---|
| /s/ Richard A. Edlin | /s/ Andrew C. Lourie |
| Richard A. Edlin | Andrew C. Lourie |
| Dale R. Goldstein. | Michael A. Sanfilippo |
| One Vanderbilt Avenue | 800 Third Avenue |
| New York, New York 10017 | New York, New York 10022 |
| Tel. (212) 801-9200 | Tel. (212) 488-1200 |
| Attorneys for Respondent Mohamad Abdulhadi | THE FERRARO LAW FIRM, P.A. |
| | /s/ Angelica L. Novick |
| | Angelica L. Novick |
| | James L. Ferraro, Jr. |
| | Matthew K. Casbarro |
| | 600 Brickell Avenue, Suite 3800 |
| | Miami, Florida 33131 |
| | Tel. (305) 375-0111 |
| | Attorneys for Petitioner |

SO ORDERED THIS 15th day of June, 2023

_____
U.S.D.J.

7